**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JAMES STRADER,**

**Petitioner,**

v.                                                    **CASE NO. 22-3264-JWL-JPO**

**STATE OF KANSAS, et al.[1],**

**Respondents.**

**NOTICE AND ORDER TO SHOW CAUSE**

On October 18, 2022, Petitioner James Strader filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with additional documents that indicate he wishes to initiate a new case. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court will direct Petitioner to show cause why this matter should not be dismissed in its entirety.

**Preliminary Matters**

Before addressing the petition filed under this case number, the Court pauses for a few preliminary matters. First, the Court wishes to assure Petitioner that it is aware of his pro se status and the Court's resulting responsibility to liberally construe Petitioner's pleadings. *See James v.*

---

[1] Petitioner has named the State of Kansas, Rick Freeman, Jeff Zmuda, Jeremy Robert Mitchelle, Jeffery Robert Mitchelle, Daniel L. Schnurr, and "Unknown Agents" as Respondents in this action, but the sole proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Daniel L. Schnurr, the current warden of Hutchinson Correctional Facility, where Petitioner is confined, is the only proper respondent. All other named Respondents will be dismissed from this matter.

*Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). That being said, however, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted); *see also United States v. Green*, 886 F.3d 1300, 1307 (10th Cir. 2018) (quoting *Garrett* for the same rule).

Second, the first page of Petitioner's October 18, 2022 submission appears to be a letter to the Clerk of Court asking that the Clerk "explain to the court" that Petitioner is not a lawyer, that the Clerk "let the Judge know" the purpose of previously filed documents, and that the Clerk "note to Judge" that certain documents were filed in a previous case. (Doc. 1-1.) Petitioner is advised that if he wishes to communicate with the Court regarding cases he has filed, he must do so by way of filing documents under the specific number of the case to which he is referring. Asking the Clerk to act as an intermediary between himself and the Court is not appropriate and future requests of this nature will not be acted upon.[2]

Third, Petitioner's October 18, 2022 submission to this Court also includes an application to proceed in district court without prepaying fees or costs. (Doc. 1-2, p. 29-30.) Later in the submission is a Kansas Department of Corrections Inmate Account Statement. (Doc. 1-2, p. 43.) Petitioner is advised that, in the future, if he wishes to file a motion in a case, he should ensure that it and any documents that support it are filed with all the relevant pages together. For example, if Petitioner wishes to initiate a new habeas action and wishes to apply to proceed in forma pauperis in that action, he should submit the petition, followed by any documents in support of the petition, followed by a motion to proceed in forma pauperis, followed by the required financial account information.

---

[2] The Court assures Petitioner that to the extent this or any of his other submitted documents can be liberally construed to show support of the claims or assertions in his petition, the Court has so construed them, including the documents discussed below that are captioned for filing in other courts.

Relatedly, the Court notes that the application to proceed in district court without prepaying fees or costs is captioned as if it is intended to be filed in courts other than this one--the caption states "United States District Court for the For[eign] (Intelligence Surveillance) Court District Columbia 2 cases and United States Tenth Circuit 2 cases by E-file Oct-4-20022 [*sic*]." (Doc. 1-2, p. 29.) Petitioner's October 18, 2022 submission also includes documents captioned "For[eign] Surveillance Intelligence Court United States Tenth Circuit"; what appears to be a motion for preliminary orders captioned for filing in "The United States Foreign Intelligence Surveillance Court District [of] Colombia and United States Tenth Circuit Kansas - Colo. District [*sic*]"; and a motion to vacate and release from sentence captioned for filing in "KS. United States Tenth Circuit and In the Court of Appeals of the State of Kansas [*sic*]." (Doc. 1-2, p. 1-2, 32, 56.)

Petitioner advises that some seemingly irrelevant documents filed in his previous federal cases were filed "to show attempted fil[ing in] Reno [county]," so it may be that Petitioner has submitted these documents to show that he has attempted to file them in the courts identified in the caption. (*See* Doc. 1-1.) As such and because the motions are not captioned for filing in this Court, this Court will take no action on them.[3] If Petitioner wishes to proceed in forma pauperis in this matter, he must submit the appropriate motion, which the Court will direct the clerk to provide to Petitioner. However, the documents now before the Court indicate that Petitioner intends to pay the $5.00 statutory filing fee in this matter. The Court will allow Petitioner to and including November 21, 2022, in which to either pay the $5.00 filing fee or submit a complete motion to proceed in forma pauperis and the required supporting documentation.

Finally, Petitioner's October 18, 2022 submission to this Court includes a summons and a notice, consent, and reference of a civil action to a magistrate judge (Doc. 1-2, p. 26-27). This action

---

[3] Petitioner asks this Court for the address of the Foreign Surveillance Intelligence Court. The Court refers Petitioner to the Rules of the Foreign Intelligence Surveillance Court, which are available at   https://www.fisc.uscourts.gov/rules-procedure. Rule 7 addresses "Filing Applications, Certifications, Petitions, Motions, or Other Papers ('Submissions')."

was filed as a habeas proceeding under § 2241, not a civil complaint that requires service of summons. Rather, "[i]n habeas proceedings, a show cause order is issued to respondent if the court determines a responsive pleading is required." *Brull v. Kansas*, 2010 WL 3829580, *1 (D. Kan. Sep. 22, 2010) (unpublished); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take any other action the judge may order."). Thus it is not proper to order service of summons in this matter. With respect to the notice, consent, and reference to a magistrate judge, the form Petitioner has submitted acknowledges that "[a] magistrate judge may exercise this authority only if all parties voluntarily consent." *Id.* Because the only party identified on the form as consenting to referral is Petitioner, the Court will take no action on this document. With these preliminary matters addressed, the Court turns to its statutorily required screening of the petition in this case.

## Background

In May 2003, in Johnson County, Kansas, Petitioner pled guilty to and was convicted of kidnapping and attempted rape, which are hereinafter referred to as the Johnson County convictions. *See* Online Records of Johnson County, Kansas, Case No. 03CR389. He was sentenced to a controlling sentence of 233 months in prison. *Id.* Petitioner did not appeal the Johnson County convictions or sentences. In June 2005, a jury in Reno County, Kansas convicted Petitioner of aggravated kidnapping, rape, and aggravated burglary and Petitioner was sentenced to a controlling sentence of 852 months in prison, to be served consecutively to the sentences imposed for the Johnson County convictions. *See* Online Records of Reno County, Kansas, Case No. 2003-CR-173; *State v. Strader*, 2007 WL 2992402, at *1 (Kan. Ct. App. 2007), *rev. denied* April 23, 2008. The Reno County convictions and sentences were affirmed on appeal.

Since June 2019, Petitioner has filed in this Court several federal actions seeking federal

habeas relief from his state court convictions under 28 U.S.C. § 2254. *See Strader v. Kansas*, Case No. 19-cv-3137-SAC;  *Strader v. Schroeder*, Case No. 20-cv-3002-SAC; *Strader v. Kansas*, Case No. 21-cv-3184-SAC; *Strader v. Kansas*, Case No. 21-cv-3275-SAC; *Strader v. Cheeks*, Case No. 22-3114-SAC. In October 2019, the Court ruled that Petitioner's § 2254 challenges to his Reno County convictions were time-barred. *See Strader v. Kansas*, Case No. 19-cv-3137-SAC, 2019 WL 4858308 (D. Kan. Oct. 2, 2019). In January 2020, the Court explained to Petitioner that he is required to obtain authorization from the Tenth Circuit Court of Appeals to proceed in this Court on any subsequent § 2254 petitions seeking relief from the Reno County convictions. *See Strader v. Schroeder*, Case No. 20-cv-3002-SAC, Doc. 4. Undeterred, Petitioner filed at least one additional unauthorized successive § 2254 petition challenging his Reno County convictions. *See Strader v. Kansas*, Case No. 21-3184-SAC.

Additionally, Petitioner has filed several federal actions seeking relief under 42 U.S.C. § 1983. *Strader v. Werholtz*, Case No. 19-cv-3102-SAC; *Strader v. Kansas*, Case No. 19-cv-3218-HLT; *Strader v. Reno County District Court*, Case No. 20-cv-3001-SAC; *Strader v. Tenth Circuit Court of Appeals*, Case No. 20-cv-3135-JWB-ADM; *Strader v. Kelly*, Case No. 20-cv-3187-SAC; *Strader v. Kansas*, 20-cv-3298-EFM-TJJ; *Strader v. Kansas*, Case No. 21-cv-3204-SAC;  *Strader v. Kansas*, Case No. 22-cv-3054-SAC; *Strader v. Cheeks, et al.*, Case No. 22-cv-3124-SAC. In July 2020, the Court advised Petitioner that he "is subject to the 'three-strikes' provision under 28 U.S.C. § 1915(g)" because "Court records fully establish that [he] 'has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Strader v. Kelly*, Case NO. 20-cv-3187-SAC, Doc. 4, p. 1. Thus, although Petitioner may proceed with claims brought under 42 U.S.C. § 1983, he may do so only if (1) his complaint establishes a threat of imminent danger of serious physical injury or (2) he prepays the full statutory

filing fee. *Id.* at 1-2.

Finally, Petitioner has sought relief through cases that improperly attempted to raise claims involving 42 U.S.C. § 1983 and claims involving 28 U.S.C. § 2254 in one proceeding. For example, on November 29, 2021, Petitioner filed suit in the United States District Court for the Southern District of Georgia,. *See Strader v. Kansas*, Case No. 21-cv-3275-SAC, Doc. 5 (D. Kan.). The United States District Court for the Southern District of Georgia transferred the matter to this Court, which conducted an initial screening of the complaint filed therein; the complaint appeared to identify claims arising under 28 U.S.C. § 2254—challenging both the Reno County convictions and the Johnson County convictions—and claims properly brought under § 1983. This Court dismissed the habeas challenges to the Reno County convictions as unauthorized successive § 2254 claims and informed Petitioner that if he intended to bring a habeas challenge to his Johnson County convictions, he must do so in habeas and on court-approved forms. Finally, the Court reminded Petitioner that because of the three-strikes provision, Petitioner was required to pay the § 1983 filing fee in full before his § 1983 claims could proceed. *Id.* On December 21, 2021, the Court granted Petitioner's motion to dismiss the matter without prejudice. *Id.* at Doc. 14. The following year, however, Petitioner filed what he characterized as "a combined file" that raised claims under § 2254 in addition to claims under 42 U.S.C. §§ 1983 and 1988. *See Strader v. Cheeks*, Case No. 22-3114-SAC.

## The Current Petition

On October 18, 2022, Petitioner filed the petition currently before the court, which seeks relief under 28 U.S.C. § 2241 on seven asserted grounds for relief. Liberally construing Ground One, Petitioner asserts that his convictions were unlawful because the state suppressed evidence of his innocence, namely that DNA found at the crime scene did not match his own, fingerprints found at the scene matched another suspect, and, in 2019, a Missouri state court recalled a 2003 arrest

warrant for Petitioner. (Doc. 1, p. 6; Doc. 1-2, p. 6-7.) Liberally construing Ground Two, Petitioner asserts that by failing to grant his motions to appoint counsel to assist him after he suffered a brain injury while in state custody, the District Court of Reno County, Kansas violated Petitioner's Sixth Amendment right to effective assistance of counsel. (Doc. 1, p. 6; Doc. 1-2, p. 13-25.)

Liberally construing Ground Three, Petitioner asserts that his fundamental right to be present for all stages of the criminal proceedings against him was violated when he was not present for certain appellate proceedings, for proceedings in his K.S.A. 60-1507 action in state court, and for proceedings in federal cases numbered 19-cv-3137-SAC and 19-cv-3102-SAC. (Doc. 1, p. 6.) Petitioner also identifies in Ground Three an individual he asserts was arrested for the crimes of which Petitioner was ultimately convicted. *Id.* As Ground Four, Petitioner alleges the violation of several Kansas state statutes that he asserts provide a constitutional right to be free "in Bodily movement" and "Free From Experimental Surveillance - - Experimental Drugs. Free from Attack and Right to Bodily Privacy." *Id.* at 7. Liberally construing the supporting facts set forth for Ground Four, Petitioner asserts that the State is forcing inmates under threat of punishment to sign contracts agreeing to permit the use of artificial intelligence, or "smart dust technology," that Petitioner believes results in physical injury or death. *Id.*

As Ground Five, Petitioner alleges that a family member of the individual originally suspected of Petitioner's crimes of conviction works with the Kansas Bureau of Investigation and a police department and that other family members work at Kansas correctional facilities. *Id.* at 8. Petitioner asserts that these family members have committed illegal acts in his previous habeas cases and disciplinary proceedings, violating Petitioner's constitutional due process rights and other fundamental constitutional rights. *Id.* Liberally construing Ground Six, Petitioner argues that his trial judge should not have been allowed to preside over his trial because that judge was later "removed from the bench for [accept]ance of bribes." *Id.* at 8. He asserts that the judge imposed an

illegal sentence, broke court rules, and did not "finish signing off on [the] Journal Entry," all of which violated Petitioner's "Fundamental Right." *Id.*

In Ground Seven, Petitioner returns his focus to the individual allegedly initially suspected of the crimes for which Petitioner was convicted and asserts that this individual manufactured false evidence in the criminal case against Petitioner and in disciplinary reports about Petitioner between 2017 and 2019. *Id.* He also alleges that the individual stole property. *Id.* In further support, Petitioner refers the Court generally to documents filed in previous federal habeas actions he has pursued. *Id.*

As relief, Petitioner asks this Court to release him, vacate all of his state convictions, pardon him or grant him clemency, award him a "civil settlement and damages," provide him with a new identity, and bar any further prosecution "on facts and charges." *Id.* at 7.

## Analysis

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. As noted above, because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James*, 724 F.3d at 1315. "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments," *Garrett*, 425 F.3d at 840, and it "'may not rewrite a petition to include claims that were never presented,'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted). The Court has conducted the Rule 4 review of the petition and attached exhibits and finds that this matter is subject to dismissal in its entirety for the reasons set forth below.

The petition fails to assert grounds upon which relief may be granted under 28 U.S.C. § 2241. Petitioner asserts that the challenges to conditions of confinement and his assertions of abuse

while in custody that are contained in this petition may be raised under § 2241. (Doc. 1-1.) He provides no legal authority for this assertion, and the relevant case law establishes otherwise. As the Court has previously explained to Petitioner, a petition seeking relief under 28 U.S.C. § 2241 "[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the *execution* of his state sentence via a § 2241 petition."). In other words, a petition properly brought under § 2241 challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

**Claims more properly brought under 28 U.S.C. § 2254**

In Grounds One, Two, Three, Six and Seven, Petitioner asserts constitutional violations or infirmities in the proceedings related to his state criminal convictions. The Court reminds Petitioner that the appropriate avenue for a person in state custody to assert in federal court that he "is in custody in violation of the Constitution or laws or treaties of the United States" is 28 U.S.C. § 2254(a). Any § 2254 claims related to Petitioner's Reno County convictions[4], however, constitute unauthorized successive applications for relief that this Court must dismiss for lack of jurisdiction, as it has previously done. *See Strader v. Cheeks*, Case No. 22-3114-SAC, Doc. 11, p. 8-9. As previously explained to Petitioner, a transfer to the Tenth Circuit for possible authorization does not appear warranted here, as Petitioner's § 2254 challenges to his Reno County convictions are likely time-barred[5], as his 2019 § 2254 challenges to his Reno County convictions were.

---

[4] Petitioner's current filings indicate to the Court that the case now before the Court is limited to challenging Petitioner's Reno County convictions. (Doc. 1-1.) But to the extent that the petition could be liberally construed as challenging the constitutionality of Petitioner's Johnson County convictions, the Court notes that, as it has previously pointed out to Petitioner, such challenges appear time-barred. Moreover, the Court notes that Petitioner has a currently pending § 2254 petition before this Court under Case No. 22-3229-JWL-JPO that challenges his Johnson County convictions.
[5] Liberally construing the petition, Petitioner argues briefly that Ground Six, which relates to the judge who presided over his Reno County criminal trial, is based upon newly discovered evidence, which could be used to argue that the

**Claims more properly brought under 42 U.S.C. § 1983**

Moreover, the arguments in Ground Four are a challenge to asserted conditions of confinement, which must be brought under 42 U.S.C. § 1983. *See Abdulhaseeb v. Ward*, 173 F.Appx. 658, 660 (10th Cir. 2006) (unpublished) ("[C]ounts relate[d] to the conditions of [the petitioner's] confinement, rather than the fact or length of his confinement, . . . are improperly brought pursuant to 28 U.S.C. § 2241 and should be brought under 42 U.S.C. § 1983."). Section 1983, not the federal habeas statutes, provides the avenue for an inmate to challenge conditions of confinement. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that [habeas corpus] core and may be brought pursuant to § 1983 in the first instance.").

**Remaining claims**

Liberally construing Petitioner's remaining asserted grounds for relief, which are included in Grounds Five and Seven, they assert that various individuals "violated Law" in Petitioner's prior habeas proceedings and "Disciplinary Reports." (Doc. 1, p. 8.) The most specific allegation appears to be that Jeremy Mitchelle "manufactured evidence" in the criminal case and in disciplinary reports made in 2017 through 2019. *Id.*

Petitions under § 2241 may be used to attack certain prison disciplinary proceedings, including those that result in the deprivation of good-time credits, or to assert that a state prisoner was denied constitutionally required due process in the disciplinary proceedings. *See Abdulhaseeb*, 173 F. Appx. at 659 n.1 (citing *McIntosh*, 115 F.3d at 811, and *Brown v. Smith*, 828 F.2d 1493, 1495

---

claims in Ground Six are not untimely. Specifically, Ground Six points out that before Petitioner's trial in Reno County, the state court judge was removed from the bench for ethical violations. (Doc. 1, p. 8.) The state court opinion to which Petitioner directs the Court's attention, however, was issued in 1981. *See id.*; *State ex rel. Commission on Judicial Qualifications v. Rome*, 229 Kan. 195 (1981). Petitioner has made no argument that he could not, through the exercise of due diligence, have discovered the facts underlying Ground Six long ago.

(10th Cir. 1987)). However, to the extent that Petitioner challenges disciplinary proceedings, he fails to sufficiently identify the actions on which he bases his challenge. Petitioner has not identified specific disciplinary reports as containing manufactured evidence, he has not identified the manufactured evidence, he has not explained how Mr. Mitchelle inserted the manufactured evidence into the disciplinary reports, he has not explained the result of the faulty disciplinary reports, and he has not shown that he exhausted available state-court remedies related to his claims of manufactured evidence. *See Knox v. Sharp*, 818 F. Appx. 817, 818 (10th Cir. 2020) (unpublished) ("Although 'no statutory exhaustion requirement applies to petitions filed pursuant to § 2241, it is well-settled that claims raised in § 2241 petitions must be exhausted before a federal court will hear them.' [Citation omitted.]").

## Conclusion

For the reasons set forth above, the petition currently before the Court appears to be subject to dismissal in its entirety for failure to state a claim on which federal habeas relief may be granted under 28 U.S.C. § 2241. Therefore, the Court will direct Petitioner to show cause why this matter should not be dismissed in its entirety for these reasons. In the alternative, Petitioner may submit a complete and proper amended petition that states only claims that are actionable under § 2241. If Petitioner submits an amended petition, it must be on court-approved forms and must be complete in and of itself; it may not refer back to an earlier version of the petition or attempt to incorporate by reference other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court. Petitioner must include the case number of this action (22-3264) on the first page of the amended petition. He is again cautioned to attach to the amended petition only documents relevant to the claims raised in that particular pleading.

If Petitioner submits an amended petition on the appropriate form, the Court will proceed with an initial review of the amended petition as required by Rule 4 of the Rules Governing Section

2254 Cases in the United States District Courts. If he fails to timely file a response to this order or an amended petition, this matter will be dismissed without further prior notice to Petitioner. In addition, Petitioner is directed to pay the statutory filing fee of $5.00 or submit a complete and proper motion to proceed in forma pauperis on or before November 21, 2022. If he fails to either pay the fee or file the motion on or before that date, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that the State of Kansas, Rick Freeman, Jeff Zmuda, Jeremy Robert Mitchelle, Jeffery Robert Mitchelle, and the Unknown Agents are dismissed as respondents in this matter. Daniel L. Schnurr is the sole proper Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including November 21, 2022, in which to either pay the statutory $5.00 filing fee or submit a motion to proceed in forma pauperis and the required supporting documentation. The clerk is directed to mail the appropriate form and instructions to Petitioner.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including November 21, 2022, in which to show cause, in writing why this matter should not be dismissed for the reasons stated herein or, in the alternative, to file a complete and proper amended petition. If Petitioner fails to timely file a response to this order or an amended petition, this matter will be dismissed without further prior notice to Petitioner. The Clerk is directed to send a § 2241 form petition to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 20th day of October, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge

12