IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES C. STRADER,**

                    Petitioner,

        v.                                                 CASE NO. 22-3264-JWL-JPO

**DANIEL L. SCHNURR,**

                    Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner and state prisoner James C. Strader on October 18, 2022. The Court conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and issued a notice and order to show cause (NOSC) directing Petitioner to either file a complete and proper amended petition or show cause why this matter should not be dismissed for certain identified reasons. (Doc. 2.) The NOSC set the deadline for Petitioner to either respond or file an amended petition as November 21, 2022.

On November 7, 2022, Petitioner filed multiple documents in this Court, including an amended petition to be filed in a separate case in this Court,[1] a motion for Order of Stay (Doc. 3), and a number of attached documents (Doc. 3-1). The submission also included filing instructions which appear to indicate that Petitioner wished the motion and the attachments to be filed in three cases: (1) the case now before the Court; (2) *Strader v. Schnurr*, Case No. 22-3228-JWL-JPO; and *Strader v. Schnurr*, Case No. 22-cv-3229-JWL-JPO. (*See* Doc. 3-2.) The Court has reviewed the

---

[1] The amended petition clearly indicated a single case number (22-3228-JWL-JPO) and it would be illogical to file the same amended petition in more than one case in this Court. Thus, the amended petition was filed only in *Strader v. Schnurr*, Case No. 22-3228-JWL-JPO.

1

documents and their applicability to this case. For the reasons stated below, the Court will construe the motion to stay as a motion for extension of time to respond to the NOSC and will grant it.

## Background

In May 2003, Petitioner was convicted in Johnson County, Kansas of kidnapping and attempted rape and he was sentenced to 233 months in prison. *See* Online Records of Johnson County, Kansas, Case No. 03CR389. In 2005, Petitioner was convicted in Reno County, Kansas of aggravated kidnapping, rape, and aggravated burglary and he was sentenced to a consecutive controlling sentence of 852 months in prison. *See* Online Records of Reno County, Kansas, Case No. 2003-CR-173; *State v. Strader*, 2007 WL 2992402, at *1 (Kan. Ct. App. 2007), *rev. denied* April 23, 2008.

On October 18, 2022, Petitioner submitted the petition for relief under 28 U.S.C. § 2241 that initiated this matter. The Court reviewed the petition as required under Rule Four and issued a NOSC noting that the petition "fails to assert grounds upon which relief may be granted under 28 U.S.C. § 2241." (Doc. 2, p. 8.) The NOSC explained that

> a petition seeking relief under 28 U.S.C. § 2241 "[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the *execution* of his state sentence via a § 2241 petition."). In other words, a petition properly brought under § 2241 challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

*Id.* at 9.

Most of the grounds for relief asserted in the petition concerned "constitutional violations or infirmities in the proceedings related to his state criminal convictions," which must be brought under 28 U.S.C. § 2254, not § 2241. *Id.* Another ground for relief challenged conditions of confinement, which must be brought under 42 U.S.C. § 1983, not 28 U.S.C. § 2241. *Id.* at 10. Liberally construing

2

the pro se petition, Petitioner's remaining arguments (in Grounds Five and Seven) asserted irregularities in prison disciplinary proceedings. *Id.* Petitions under § 2241 may be used to attack certain prison disciplinary proceedings, including those that result in the deprivation of good-time credits, or to assert that a state prisoner was denied constitutionally required due process in the disciplinary proceedings. *Id.* at 10-11 (citing *Abdulhaseeb v. Ward*, 173 F. Appx. 658, 659 n.1 (10th Cir. 2006) (unpublished)).

> As the NOSC explained, however, Petitioner
>
> fail[ed] to sufficiently identify the actions on which he bases his challenge. Petitioner has not identified specific disciplinary reports as containing manufactured evidence, he has not identified the manufactured evidence, he has not explained how Mr. Mitchelle inserted the manufactured evidence into the disciplinary reports, he has not explained the result of the faulty disciplinary reports, and he has not shown that he exhausted available state-court remedies related to his claims of manufactured evidence. *See Knox v. Sharp*, 818 F. Appx. 817, 818 (10th Cir. 2020) (unpublished) ("Although 'no statutory exhaustion requirement applies to petitions filed pursuant to § 2241, it is well-settled that claims raised in § 2241 petitions must be exhausted before a federal court will hear them.' [Citation omitted.]").

*Id.* at 11. The Court concluded that the petition was "subject to dismissal in its entirety for failure to state a claim on which federal habeas relief may be granted under 28 U.S.C. § 2241," so the Court ordered Petitioner to either show cause why this matter should not be dismissed or "submit a complete and proper amended petition that states only claims that are actionable under § 2241." *Id.*

On November 7, 2022, Petitioner submitted a motion to stay and over 200 pages of exhibits. (Docs. 3 and 3-1.) Petitioner asks for a 60-day stay in order to research "Helios . . . mixed with the Facebook and Amazon MTurk project mixed with Smart tech and A.I." (Doc. 3, p. 1.) He explains that he has submitted requests for certain documents and he seeks the stay so he has time to fill out paperwork and obtain the documents. *Id.* Liberally construing the motion, it appears that Petitioner seeks an extension of time to respond to the NOSC. The Court notes that the research topics identified in the motion largely do not appear relevant to stating a viable claim for relief under §

2241 challenging the execution of his state sentence.

But the motion also appears to request additional time to obtain documentation of the disciplinary proceedings Petitioner wishes to challenge, which may provide the specific factual information Petitioner needs to plead a viable claim under § 2241. Thus, the Court will allow Petitioner additional time to respond to the NOSC.[2] If Petitioner does not respond to the NOSC or file an amended petition on or before January 7, 2023, this matter will be dismissed without further prior notice to Petitioner. Petitioner is also advised that he remains subject to the Court's order that on or before November 21, 2022, he must either pay the $5.00 statutory filing fee or submit a complete and proper motion to proceed in forma pauperis in this matter, including the required documentation in support. (*See* Doc. 1, p. 12.)

**IT IS THEREFORE ORDERED** that the motion for order of stay (Doc. 3) is construed as a motion for extension of time to respond to the Notice and Order to Show Cause and is **granted**. Petitioner is granted until and including January 7, 2023 in which to show cause, in writing, why this matter should not be dismissed for the reasons set forth in the October 7, 2022 order of this Court or, in the alternative, to file an amended petition. The failure to timely respond will result in the dismissal of this matter without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 9th day of November, 2022, at Kansas City, Kansas.

S/ James P. O'Hara

JAMES P. O'HARA<br>United States Magistrate Judge

---

[2] To the extent that Petitioner seeks a Court order directing state prison officials to provide such documentation to him, the Court declines to do so at this time. If Petitioner wishes to renew his request for such an order, he must file a motion in which he must demonstrate that his individual efforts to obtain the documentation have been unsuccessful.