IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES C. STRADER,**

        **Petitioner,**

  v.                CASE NO. 22-3264-JWL-JPO

**DANIEL L. SCHNURR,**

        **Respondent.**

### MEMORANDUM AND ORDER

    Petitioner is a prisoner serving state-imposed sentences at Hutchinson Correctional Facility in Hutchinson, Kansas. On October 18, 2022, Petitioner filed in this Court a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 but he did not pay the statutorily required $5.00 filing fee. Two days later, the Court issued a notice and order to show cause (NOSC) advising Petitioner, among other things, that he was allowed "to and including November 21, 2022, in which to either pay the $5.00 filing fee or submit a complete motion to proceed in forma pauperis and the required supporting documentation." (Doc. 2, p. 3.) The NOSC advised Petitioner that "[i]f he fails to either pay the fee or file the motion on or before that date, this matter will be dismissed without further prior notice to Petitioner." *Id.* at 12. On November 9, 2022, in a memorandum and order (M&O) ruling on a separate motion, the Court reminded Petitioner "that he remains subject to the Court's order that on or before November 21, 2022, he must either pay the $5.00 statutory filing fee or submit a complete and proper motion to proceed in forma pauperis in this matter, including the required documentation in support." (Doc. 4, p. 4.)

    The deadline set forth in the NOSC and referenced in the M&O has passed and Petitioner has neither paid the statutory filing fee nor submitted a motion to proceed in forma pauperis and the required financial information. Under Federal Rule of Civil Procedure 41(b), a district court may

1

dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Due to Petitioner's failure to comply with the Court's orders, the Court concludes that this matter should be dismissed under Rule 41(b).

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed for failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b). No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 28th day of November, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge
